UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CASE NO. 16-CR-00334-JNE-KMM-2 |
| ) | |
| JOHN L. STEELE ) | |
| ) | |
| Defendant. ) | |
| _____ ) | **POSITION OF DEFENDANT JOHN L. STEELE WITH RESPECT TO SENTENCING** |

Defendant, John L. Steele, by and through his attorney, submits this position pleading setting forth its position concerning sentencing factors and a fair sentence as to defendant John L. Steele.

**I.    The Presentence Report ("PSR")**

The PSR accurately states the facts. Furthermore, the defense has no objection to the sentencing guidelines calculations contained in the PSR. Additionally, the defense does not believe that there are any disputes concerning the application of the Guidelines and also, an evidentiary hearing is not necessary.

**II.   The 18 U.S.C. § 3553(A) Factors In This Case Warrant A Downward Sentence Variance.**

In accordance with 18 U.S.C. § 3553 (B), U.S.S.G. § 5K2.0, Gall v. United States, 552 U.S. 38 (2007), and the factors set forth in 18 U.S.C. § 3553(a), Mr. Steele respectfully requests a fair sentence that not only sufficiently punishes him for his poor choices and criminal conduct but also heavily considers numerous other mitigating factors. Given the

§ 3553(a) factors at play in this case a significant variance from the suggested guideline sentence is warranted.

First, it's important to emphasize that both undersigned and Mr. Steele acknowledge the severity of his actions. Amongst other things, Mr. Steele misled federal judges and wronged the justice system. He was driven by money while putting the truth in the back seat. He wishes he could go back in time with his newly developed moral compass and the wisdom and growth that he now possesses. If he could, he never would have been involved in anything remotely like this.

One mitigating factor is that Mr. Steele experienced severe childhood physical and emotional abuse at the hands of his parents. To this day, he struggles daily to cope with the trauma he experienced at such a young age. Without question, the abuse he suffered significantly affected the person he became, which significantly impacted the choices he made in his adult life. Since he didn't get his parents' unconditional love and approval, he sought to bring in happiness and love from the outside in. That meant, amongst other things, that he believed that bringing in money and other peoples' approval was the key to his happiness. He has since learned that happiness is an inside job.

Mr. Steele regrets most how much his actions harmed those around him. As a result of the choices he made, his marriage crumbled. As a result of the divorce, he lost the ability to live in the same home as his daughter. It hurts his heart daily that he isn't able to put her to sleep at night, be there when she wakes up, and always be there in the same home as her when she needs him. Additionally, his actions caused him to lose all of his money and assets, including his father's inheritance.

While most of the things Mr. Steele lost were unfortunate, he is extremely pleased with the loss of one thing, his ego. Since his arrest and his subsequent spiritual journey, Mr. Steele learned firsthand that his "Ego was not his amigo." The Government notes in their sentencing pleading how they observed Steele's loss of ego as well. No longer is he obsessed about what people think of him. He's done with the people pleasing business. He will never again do whatever it takes to build his reputation. He knows that self-love is the answer. He also learned how to drastically change his perspective. He worked on his character and finally found inner peace.  He is a very different person than he was in 2011, when he crossed the line and violated the law. Because of his spiritual transformation, the chances of him ever returning to the criminal arena are extremely low and remote.

He remains dedicated to his 10-year-old daughter and is worried that a lengthy prison term will severely affect her. He personally moved his ex-wife and daughter from Miami to Pennsylvania and thoroughly renovated a home near his ex-wife's family to ensure that his daughter would be raised in the best possible environment while he was incarcerated. The bottom line is that she needs him and he needs her.

The most significant mitigating factor in this case was detailed extremely well in the Government's sentencing pleading. Unlike co-defendant Hansmeier, Mr. Steele accepted responsibility for his actions and immediately began zealously and passionately cooperating with the Government. Even before the Government shared the evidence with the defense, Mr. Steele was in their office speaking to numerous law enforcement agents and prosecutors about everything he did. He never lied and never minimized his actions. As the Government stated, "Mr. Steele provided an accurate, detailed and unvarnished

account." Additionally, unlike co-defendant Hansmeier, Mr. Steele never filed any motions to dismiss or engaged in any adversarial litigation actions against the Government post arrest. He immediately announced to the Government of his willingness to testify against the co-defendant and against anyone else they desire. Additionally, the Government also noticed from their interactions with Steele that "his remorse and shame seem real."

We respectfully request that the Court consider the § 3553(a) factors, vary significantly from guidelines, and sentence him justly.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed this 4th day of March, 2019.

> Respectfully submitted,
> **LAW OFFICES OF MARK EIGLARSH**
> **3107 Stirling Road**
> **Suite 207**
> **Fort Lauderdale, Florida 33312**
> **Telephone (305) 674-0003**
> **Facsimile (305) 674-0102**
> **Mark@EiglarshLaw.com**
>
> BY: __/S/ *Mark Eiglarsh*_____
>    MARK EIGLARSH
>    Florida Bar No.: 956414