UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-334 (02) JNE/KMM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN L. STEELE )<br>)<br>Defendant. ) | **MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR IMMEDIATE PARTIAL PAYMENT FROM CASH BOND PURSUANT TO 28 U.S.C. § 2044** |

## INTRODUCTION

The United States of America, by and through Erica H. MacDonald, United States Attorney for the District of Minnesota, and Erin M. Secord, Assistant United States Attorney, submits this Memorandum in support of the motion for an order directing the Clerk of Court to partially satisfy the $1,466,702.37 restitution balance as authorized by 28 U.S.C. § 2044.

## RELEVANT FACTUAL BACKGROUND

On December 14, 2016, Defendant John L. Steele ("Defendant" or "Steele") was indicted in the District of Minnesota (Doc. No. 1) and a bench warrant was issued (Doc. No. 4). On December 16, 2016, Steele was arrested in the Southern District of Florida. (Doc. No. 13 at 1). Steele's indictment was removed from the District of Minnesota to the Southern District of Florida. (*See id.*)

On December 16, 2016, the Honorable Magistrate Judge Alicia O. Valle held an Initial Appearance in Rule 5(c)(3)/Rule 40 proceedings as to Steele and set bond for $100,000.00. (*See* Doc. No. 13 at 1). On the same date, the Defendant executed a $10,000.00, ten percent

down, Appearance Bond in the instant District of Minnesota case. (Doc. No. 14 at 1-4, 9-10). The Clerk of Court for the Southern District of Florida received the $10,000.00, ten percent down, cash bond on December 19, 2016. (*See* Doc. No. 14 at 15, 21).

On December 16, 2016, the Honorable Magistrate Judge Alicia O. Valle ordered the case to be transferred to the District of Minnesota under Rule 5 or Rule 32. (*See* Doc. No. 13 at 13). As a result of this transfer, the bond was transferred to the Clerk of Court for the District of Minnesota. (*See* Doc. Nos. 13, 14). On January 17, 2017, the Clerk of Court for the District of Minnesota received the $10,000.00 appearance bond deposit. (Doc. No. 29).

On March 6, 2017, Steele pled guilty as charged of Conspiracy to Commit Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349, and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h). (Doc. No. 43 at 1). On July 9, 2019, this Court sentenced Steele to 60 months in prison, followed by supervised release of two years and ordered Steele to pay a special assessment of $200.00 and restitution in the amount of $1,541,527.37. (Doc. No. 162 at 2-3, 6). As of August 31, 2020, the amount outstanding is $1,466,677.37 in restitution and a special assessment of $125.00.

## DISCUSSION

Title 28, United States Code, Section 2044 provides a procedural mechanism for application of bond money post-conviction. *See United States v. Higgings*, 987 F.2d 543, 547 (8th Cir. 1993). 28 U.S.C. § 2044 provides that:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and

>paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. . . .

*Id*. 28 U.S.C. § 2044 "focuses entirely on the disposal of bond funds held by the court." *Higgings*, 987 F.2d at 546. The statute goes on to provide that the "release of funds . . . is the operative event which triggers the application of [the] statute." *Id*. The court has discretion, "to order bond funds to be paid to the superior claimant." *Id.* at 547.

An appearance bond is necessary when the record demonstrates that the release of a defendant on personal recognizance or upon the execution of an unsecured bond would not reasonably assure his appearance as required. *See United States. v. Birges*, 523 F. Supp. 472, 474-77 (D. Nev. 1981) (considering multiple factors in deciding what conditions of release will reasonably assure the defendant's appearance in court). Although the underlying purpose of a recognizance and a bail bond are the same, a recognizance is "an obligation of record entered into before some court of record" and is not required to be signed by the surety. *See Ewing v. United States*, 240 F. 241, 249 (6th Cir. 1917). In contrast, a bail bond is "signed by the parties, the consideration being the release of one accused from custody." *Id.* A bond is "a contract between the surety and the government that the surety will undertake that the defendant who has been released on bond will appear at a specified time and place." *See Williams v. United States*, 444 F.2d 742, 744 (10th Cir. 1971).

28 U.S.C § 2044 "grants courts authority to transfer bail funds if a defendant's own money has been used to post bond . . . [but] does not extend such authority . . . [when] a third party . . . provided his own money to post defendant's bail." *See United States v. Equere*, 916

3

F. Supp. 450, 452 (E.D. Pa. 1996). 28 U.S.C § 2044 requires the government to show that: "(1) . . . the money was deposited by the defendant or on the defendant's behalf; and (2) . . . the money belongs to the defendant." *See United States v. Hughes*, No. 3:15-CR-11, 2017 WL 2462725, at *1 (S.D. Tex. Jun. 6, 2017). "The Government bears the burden of showing, by a preponderance of the evidence," that the funds belonged to the defendant. *Id.*; *see also United States v. Gonzalez*, No. 11-CR-80211, 2013 WL 654918, at *4 (S.D. Fla. Feb. 21, 2013). The deposit receipt may be used as evidence to show the funds belonged to the defendant. *See United States v. Arnold*, No. 1:18-CR-30-1, 2020 WL 957415, at *3 (N.D. Miss. Feb. 27, 2020) (finding the deposit receipt persuasive as demonstrating money ownership).

Here, the relevant documents demonstrate that both conditions are met. First, the Defendant took responsibility for the $10,000.00, ten percent down, appearance bond when he executed the Appearance Bond. (*See* Doc. No. 14 at 4). The Defendant's ex-wife, Kerry Steele, signed the Appearance Bond as an individual surety "jointly and severally" with the Defendant. (Doc. No. 14 at 5). As a result, Kerry Steele would be obligated for the full amount of the bond if the Defendant violates the conditions of his release. (*See id.*). Additionally, Kerry Steele agreed to the Penalties and Sanctions Applicable to Sureties, which is required to be filled out and filed by anyone who secures or insures the appearance of a defendant. (*See* Doc. No. 14 at 10; *see also* Fed. R. Crim. P. 46(d)).

Second, the deposit receipt lists the Defendant, not a third party, as the payer. (Doc. No. 14 at 15). The $10,000.00 cash-bond deposit was deposited with the court clearly "on

4

behalf of the defendant," as the Defendant was the only one in need of a bail-bond deposit in this case. (*See id.*). The remitter is the Defendant, John Lawrence Steele, located in Margate, Florida, which was the Defendant's home address. (*See id.*). Thus, the Defendant was responsible for the $10,000.00, ten percent down, appearance bond. Because the government has satisfied both elements of 28 U.S.C § 2044, the government respectfully asks that the Court grant its motion.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that its motion for immediate partial payment from cash bond be granted, and that the Clerk of District Court, Minneapolis, Minnesota, be directed to apply $10,000.00 from the cash-bond deposit on file with this Court against the Defendant's remaining restitution judgment debt.

Dated: September 4, 2020          ERICA H. MacDONALD
                                  United States Attorney

                                  *s/ Erin M. Secord*

                                  BY: ERIN M. SECORD
                                  Assistant U.S. Attorney
                                  Attorney ID No. 0391789
                                  Email: erin.secord@usdoj.gov
                                  600 United States Courthouse
                                  300 South Fourth Street
                                  Minneapolis, MN 55415
                                  Phone: 612-664-5600

                                  **Attorneys for Plaintiff**
                                  **United States of America**